J 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT
☐ SUPERSEDING

**OFFENSE CHARGED**

Title 18, U.S.C. § 371 -- Conspiracy; Title 18, U.S.C. § 287 -- False claims to the U.S., Title 18 U.S.C. § 1001(a)(3) -- False statement, Title 18 U.S.C. § 1516 -- Obstruction of federal audit

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY:
Please see attached.

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA

**DEFENDANT - U.S.**

▶ St. Luke's Subacute Hospital and Nursing

DISTRICT COURT NUMBER
CR ~~01-4007~~ 02-0044 MHP

**DEFENDANT**

**IS NOT IN CUSTODY**
1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No } If "Yes" give date filed

DATE OF ARREST ▶ Month/Day/Year

Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

---

**PROCEEDING**
Name of Complaintant Agency, or Person (&Title, if any)
Department of Health & Human Services

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on
☐ U.S. Att'y ☐ Defense
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under ▶
} MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM    ROBERT S. MUELLER, III
☒ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)    Maureen C. Bessette, SAUSA

---

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☒ SUMMONS ☐ NO PROCESS* ☐ WARRANT    Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Date/Time:

Before Judge:

Comments:

## PENALTIES

**Conspiracy, 18 U.S.C. § 371**
    5 years imprisonment;
    $250,000 fine;
    $100 special assessment for individual/$400 special assessment for company.

**False claims to the United States. 18 U.S.C. § 287**
    5 years imprisonment;
    $250,000 fine;
    $100 special assessment for individual/$400 special assessment for company.

**False statement, 18 U.S.C. § 1001(a)(3)**
    5 years imprisonment;
    $250,000 fine;
    $100 special assessment for individual/$400 special assessment for company.

**Obstruction of federal audit, 18 U.S.C. § 1516**
    5 years imprisonment;
    $250,000 fine;
    $100 special assessment for individual/$400 special assessment for company.

257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT
☐ SUPERSEDING

**OFFENSE CHARGED**

Title 18, U.S.C. § 371 -- Conspiracy; Title 18,
U.S.C. § 287 -- False claims to the U.S., Title 18
U.S.C. § 1001(a)(3) -- False statement, Title 18
U.S.C. § 1516 -- Obstruction of federal audit

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

**PENALTY:**
Please see attached.

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

**DEFENDANT - U.S.**
▶ Guy Roland Seaton

**DISTRICT COURT NUMBER**
CR 02-0044 MHP

---

**PROCEEDING**
Name of Complaintant Agency, or Person (&Title, if any)
Department of Health & Human Services

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on
☐ U.S. Att'y ☐ Defense
☐ this prosecution relates to a pending case involving this same defendant
☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

} SHOW DOCKET NO.

} MAGISTRATE CASE NO.

Name and Office of Person
Furnishing Information on
THIS FORM    ROBERT S. MUELLER, III
             ☒ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)   Maureen C. Bessette, SAUSA

**IS NOT IN CUSTODY**
1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No  } If "Yes" give date filed

**DATE OF ARREST** ▶   Month/Day/Year

Or... if Arresting Agency & Warrant were not
**DATE TRANSFERRED** ▶   Month/Day/Year
**TO U.S. CUSTODY**

☐ This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☒ SUMMONS  ☐ NO PROCESS*  ☐ WARRANT   Bail Amount: _____

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____
Before Judge: _____

Comments:

# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA
CRIMINAL DIVISION**
VENUE: SAN FRANCISCO

---

UNITED STATES OF AMERICA,

v.

Guy Roland Senton and
St. Luke's Subacute Hospital and Nursing Centre,

CR 01-4007~~SBA~~

02-0044 MHP

DEFENDANT.

---

## INDICTMENT

---

A true bill.

_Frank Bill_ Foreman

Filed in open court this 8TH day of May 2001.

Clerk

Bail, $ no process

1 | ROBERT S. MUELLER, III (CSBN 59775)
United States Attorney

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

CR 01-4007

No. 02-0044 MHP

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | VIOLATIONS: 18 U.S.C. § 371 -- Conspiracy; 18 U.S.C. § 287 -- False Claims; 18 U.S.C. § 1001 -- False Statements; 18 U.S.C. § 1516 -- Obstruction of Federal Audit; 18 U.S.C. § 2 -- Aiding and Abetting |
| v. | |
| ST. LUKE'S SUBACUTE HOSPITAL AND NURSING CENTRE, INC., and GUY ROLAND SEATON, | |
| | OAKLAND VENUE |
| Defendants. | |

INDICTMENT

The Grand Jury charges:

BACKGROUND

I. The Defendants

1. At all times relevant to this indictment, defendant ST. LUKE'S SUBACUTE HOSPITAL AND NURSING CENTRE, INC. ("ST. LUKE'S"), a California corporation located at 15675 Maubert Avenue, San Leandro, California, was a 72 bed nursing home. ST. LUKE'S provides a variety of custodial, nursing, and therapeutic services to patients who, because of their physical conditions, are unable to remain at their homes or in acute care hospitals. ST. LUKE'S is

INDICTMENT

Document No.
District Court
Criminal Case Processing

1 compensated for providing these services in a variety of ways, including cash, private insurance,
2 and public insurance, such as the Medicare Program. ST. LUKE'S utilizes Registered Nurses,
3 Licensed Vocational Nurses, and Certified Nurses Aides, among other personnel, in providing
4 custodial, nursing, and therapeutic services to patients. Nurses salaries represent the single most
5 expensive cost of operating ST. LUKE'S.

6 2. Defendant GUY ROLAND SEATON ("SEATON") was the President, Chief Operating
7 Officer and the owner and operator of ST. LUKE'S from 1984 to the present.

8 II. The Medicare Program

9 3. The Medicare Program ("Medicare") was established under the Social Security Act, Title
10 42, United States Code, Section 1395. Medicare is available to patients in need of skilled
11 nursing care who are at least 65 years old, blind or disabled. Eligible patients may receive
12 Medicare benefits for a maximum of 100 days following a three day hospital stay. Medicare is
13 not available or designed for long term care of the elderly or custodial care of the chronically ill.

14 4. Nursing homes may be compensated by Medicare so long as they meet the conditions set
15 out by the U.S. Department of Health & Human Services. Medicare reimburses participating
16 nursing homes for some costs incurred in providing health care services to Medicare patients
17 during the 100 day period, including "nursing service costs". Nursing service costs are based on
18 the salaries of the nurses treating Medicare patients.

19 5. In order to recover nursing service costs, participating nursing homes must demonstrate
20 that they employ a system for recording and accumulating the number of nursing hours. This
21 system must be capable of audit and must equitably allocate nursing service costs between
22 Medicare and non-Medicare patients. Nursing service costs may be allocated on an "actual time
23 basis" or an "average costs per diem basis." Under the "actual time basis" method, nursing
24 service costs are determined based on the actual time spent providing nursing care to Medicare
25 patients. Under the "average costs per diem basis", the total nursing service costs for an entire
26 facility is divided by the total patient days for the facility to determine an average nursing cost
27 per diem. That average is multiplied by the number of days in the Medicare part of the facility
28 ("the distinct part") to determine the nursing service costs that should be reimbursed by

INDICTMENT 2

1  Medicare. Typically, nursing homes receive significantly larger Medicare reimbursement when
2  they allocate nursing services under the "actual time basis" method.
3      6. Medicare funds are distributed to participating nursing homes through "fiscal
4  intermediaries", private insurance companies with whom the federal government contracts to
5  administer the Medicare Program. In order to maintain their operations during the year,
6  participating nursing homes bill Medicare for reimbursable costs through the fiscal intermediary.
7  The fiscal intermediary makes payments to the nursing home based on these approximate costs.
8  At the end of the nursing home's fiscal year, interim payments from Medicare are compared to
9  the reimbursable costs reported in an annual cost report which must be submitted to Medicare
10 each year. If the nursing home's reimbursable costs exceed the interim Medicare payments, then
11 it receives the difference from the fiscal intermediary. If the nursing home's costs are less than
12 the total interim payments, then the nursing home pays the difference to the fiscal intermediary.
13 Medicare authorizes fiscal intermediaries to conduct periodic audits to determine whether
14 participating nursing homes are complying with Medicare rules and regulations.
15     7. At all times relevant to this indictment, ST. LUKE'S was a participating nursing home in
16 the Medicare program. The fiscal intermediary for ST. LUKE'S was Mutual of Omaha. ST.
17 LUKE'S represented to Medicare auditors that it allocated Medicare nursing service costs on an
18 actual time basis. In fact, however, ST. LUKE'S did not have a system for recording and
19 accumulating nursing hours spent caring for Medicare patients.

## THE CONSPIRACY

COUNT ONE (18 U.S.C. § 371 -- Conspiracy)

   8. Paragraphs 1 through 7 are incorporated herein by reference.
   9. Beginning in or about 1996, and continuing through in or about 2000, within the Northern District of California, and elsewhere, the defendants

   ST. LUKE'S SUBACUTE HOSPITAL AND NURSING CENTRE, INC. and
   GUY ROLAND SEATON,

together with others known and unknown to the Grand Jury, did knowingly and intentionally conspire to make false statements and to defraud the United States of its right to have the Medicare Program administered honestly and free from deceit and fraud, and to have federal

INDICTMENT                              3

1  Medicare Program funds disbursed in accordance with the laws of the United States.

## METHOD AND MEANS OF THE CONSPIRACY

10. It was part of the conspiracy that Defendants and others would and did submit Medicare cost reports to Mutual of Omaha that contained false and fictitious direct nursing service costs, and that misrepresented the level of nursing care provided to Medicare patients.

11. It was further part of the conspiracy that Defendants and others would and did fabricate payroll reports and time cards, which purported to support ST. LUKE'S nursing services cost allocation. These false documents designated certain employees as working 100% of their time on Medicare patients, when in fact these employees did not work 100% of their time on Medicare patients.

12. It was further part of the conspiracy that Defendants and others would and did fabricate nursing schedules based on the false payroll reports and time cards. The nursing schedules also falsely designated certain employees as working 100% of their time on Medicare patients, when in fact these employees did not work 100% of their time on Medicare patients.

13. It was further part of the conspiracy that Defendants and others would and did provide false statements to Mutual of Omaha during a Medicare audit to further support the false nursing schedules.

## OVERT ACTS

14. As part of the conspiracy and to further the objects thereof, the Defendants and others engaged in the following:

   a. On June 2, 1997, Defendants submitted a cost report for 1996 to Mutual of Omaha falsely claiming $665,540 in nursing services costs for Medicare patients.

   b. On June 2, 1998, Defendants submitted a cost report for 1997 to Mutual of Omaha falsely claiming $662,362 in nursing services costs for Medicare patients.

   c. On July 1, 1999, Defendants submitted a cost report for 1998 to Mutual of Omaha falsely claiming $293,441 in nursing services costs for Medicare patients.

   d. In or about January of 1996 through in or about December of 1999, an employee of ST. LUKE'S created false time cards and payroll reports to support nursing services costs

INDICTMENT                                            4

1   claimed in ST. LUKE'S 1996, 1997, and 1998 cost reports.

2       e. In approximately August of 1999, defendant SEATON directed an employee of
3   ST. LUKE'S to create false nursing logs for the months of April 1996 and February 1997.

4       f. In approximately August of 1999, defendant SEATON directed a ST. LUKE'S
5   employee to create false nursing schedules for the months of April 1996 and February 1997.

6       g. In approximately August of 1999, in preparation for a Medicare audit, ST. LUKE'S
7   employees prepared and presented a binder containing false nursing schedules and logs to
8   Medicare auditors from Mutual of Omaha.

9       h. On or about September 10, 1999, an individual working for ST. LUKE'S and another
10   employed at ST. LUKE'S provided false statements to the Medicare auditors from Mutual of
11   Omaha.

12       i. In September of 1999, an individual working for ST. LUKE'S and another employed at
13   ST. LUKE'S told the Medicare auditors from Mutual of Omaha that the false time cards and the
14   false payroll report supported the false nursing schedules.

15   All in violation of Title 18, United States Code, Section 371.

17   <u>COUNTS TWO THROUGH FOUR</u> (18 U.S.C. §§ 287, 2 -- False Claims, Aiding and Abetting)

18   15. Paragraphs 1 through 7 are incorporated herein by reference.

19   16. On or about the dates set forth below, within the Northern District of California, and
20   elsewhere, defendants

          ST. LUKE'S SUBACUTE HOSPITAL AND NURSING CENTRE, INC. and
                            GUY ROLAND SEATON,

did knowingly make and present and did cause to be made and presented to the United States Department of Health and Human Services, Health Care Financing Administration, an agency of the United States, claims, to wit, Medicare cost reports, which claims the defendants knew to be false, fictitious and fraudulent, in that the claimed nursing service costs did not reflect actual nursing service costs for ST. LUKE'S Medicare patients, as follows:

| Count | Date | False Claim |
| --- | --- | --- |

INDICTMENT                         5

| TWO | 6/2/97 | 1996 Cost Report claiming $665,540 in nursing service costs |
| THREE | 6/2/98 | 1997 Cost Report claiming $662,362 in nursing service costs |
| FOUR | 7/1/99 | 1998 Cost Report claiming $293,441 in nursing service costs |

All in violation of Title 18, United States Code, Sections 287 and 2.

COUNT FIVE (18 U.S.C. §§ 1001, 2 -- False Statements and Aiding and Abetting)

17. Paragraphs 1 through 7 are incorporated herein by reference.

18. In or about and between August and September 1999, both dates being approximate and inclusive, within the Northern District of California, and elsewhere, defendants

ST. LUKE'S SUBACUTE HOSPITAL AND NURSING CENTRE, INC. and
GUY ROLAND SEATON,

in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit, the United States Department of Health and Human Services, Health Care Financing Administration, did knowingly and willfully make a materially false, fictitious and fraudulent statement and representation, that is, that certain nurses worked 100% of their time on Medicare patients, well knowing that such statement and representation was false, fictitious and fraudulent when made, all in violation of Title 18, United States Code, Sections 1001 and 2.

COUNT SIX (18 U.S.C. §§ 1516, 2 -- Obstruction of Federal Audit and Aiding and Abetting)

19. Paragraphs 1 through 7 are incorporated herein by reference.

20. In or about and between August and September 1999, both dates being approximate and inclusive, within the Northern District of California, and elsewhere, defendants

ST. LUKE'S SUBACUTE HOSPITAL AND NURSING CENTRE, INC. and
GUY ROLAND SEATON,

and others known and unknown to the Grand Jury, with intent to defraud and deceive the United States, did endeavor to influence, obstruct and impede federal auditors in the performance of official duties relating to the receipt by ST. LUKE'S of in excess of $100,000 within a one year period directly from the United States, by not furnishing and refusing to furnish actual nursing schedules, records necessary to assure proper payment by the Medicare program, and to satisfy

INDICTMENT 6

Medicare program overpayment determinations, all in violation of Title 18, United States Code, Sections 1516 and 2.

DATED: 5/8/01

A TRUE BILL.

*Frank Biell* (signature)
FOREPERSON

ROBERT S. MUELLER, III
United States Attorney

*Leslie Caldwell* (signature)
LESLIE R. CALDWELL
Acting Chief, Criminal Division

(Approved as to form: *Lauren Bessette* (signature)
SAUSA Bessette)

INDICTMENT      7