UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br> GUY ROLAND SEATON,<br><br>  Defendant.<br>_____/ | No. C 02-00044 MHP<br><br>**MEMORANDUM & ORDER**<br><br>**Re: Affidavit to Disqualify Judge** |

Defendant Guy Roland Seaton ("Seaton" or "defendant"), having been convicted and now serving his sentence in federal custody, brought a motion to vacate plea, judgment, and sentence pursuant to 28 U.S.C. section 2255. Additionally, defendant submitted an affidavit alleging that the judge presiding over this court was biased and, as such, should be disqualified from hearing defendant's section 2255 motion. Having considered the parties arguments and submissions, and for the reasons set forth below, the court enters the following memorandum and order.

BACKGROUND

On May 8, 2001, Seaton was indicted on six counts relating to Medicare fraud. He was found guilty by a jury on all counts. He was sentenced to a term of imprisonment of 78 months and three years' supervised release on April 15, 2004. Seaton appealed his conviction, and, on May 5, 2006, the Ninth Circuit affirmed the conviction and sentence. On January 8, 2007, the United States Supreme Court denied his petition for writ of certiorari. On January 2, 2008, pursuant to 28 U.S.C.

1 section 2255, Seaton moved to vacate his plea, judgment and sentence in light of an alleged denial of
2 effective assistance of counsel and violation of his Sixth Amendment and due process rights. On
3 May 14, 2010, the court denied Seaton's section 2255 motion.

On March 12, 2009, Seaton, *pro se*, submitted an affidavit seeking to disqualify the presiding judge. In the affidavit, defendant alleges that the judge "have [sic] become so involved with the decision that it will be difficult for her to review the issues in the 2255 motion objectively." Docket No. 306 (Seaton Aff. Alleging Bias ("Seaton Aff.") at 1

LEGAL STANDARD

When a party to any proceeding in a district court files a "sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice . . . against him . . . such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144. The determination of the sufficiency of the facts and reasons given in the affidavit must be made by the judge to whom the affidavit has been presented. *Grimes v. United States*, 396 F.2d 331, 333 (9th Cir. 1968).

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists. *Id.* "The reasons and facts for the belief the litigant entertains are an essential part of the affidavit, and must give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment. . . . Details of [the] definite time and place and character [of any events supporting petitioner's contention] are an absolute necessity to prevent the abusive use of the statute." *Id.* (internal citation omitted).

DISCUSSION

In the affidavit, defendant gives four reasons why the presiding judge should be disqualified. First, defendant alleges the presiding judge "has become so involved in the [issues] that the [section 2255] motion is asking her to overrule herself." Seaton Aff. at 2. Second, defendant expresses a belief that the presiding judge "may still be under the misimpression that [defendant] attempted to

2

deceive the court . . . in requesting an extension for time to surrender." *Id.* at 4. Third, the affidavit states that the issues litigated in this action have resulted in the court being overruled by the Ninth Circuit, and thus disqualification is required. *Id.* Fourth, and last, defendant invokes a First Circuit ruling that a judge other than the original trial judge must hear section 2255 motions. *Id.* at 1-2. The court addresses, in turn, each purported ground for disqualification.

I.    <u>Judge Asked to Overrule Own Earlier Rulings</u>

Motions brought pursuant to section 2255 are not, and should not be misconstrued as, a substitute to an appeal. *See Grimes*, 396 F.2d at 334. Such motions "may not be invoked to relitigate questions which were or should have been raised on a direct appeal from the judgment of conviction." *United States v. Marchese*, 341 F.2d 782, 789 (9th Cir. 1965), *cert. denied*, 382 U.S. 817 (1965).

Defendant alleges a number of instances in which the presiding judge failed to require the government to file appropriate evidence, neglected to present certain questions before the jury, or reached constitutionally erroneous decisions. Defendant did pursue an appeal, in which the Ninth Circuit affirmed all of the proceedings below. *United States v. St. Luke's Subacute Care Hosp., Inc.*, 178 Fed. Appx. 711, 717 (9th Cir. 2006). The Supreme Court subsequently denied Seaton's petition for a writ of certiorari. *St. Luke's Subacute Hosp. & Nursing Ctr., Inc. v. United States*, 549 U.S. 1116 (2007). Any errors of law or constitutional interpretation were the proper subject of those proceedings. A section 2255 motion may only address those issues subject to collateral appeal.

Seaton does not allege any facts or circumstances which would support a charge that the presiding judge was biased against defendant in making the aforementioned decisions. If the court disagrees with a defendant's view of the law, it does not mean the judge is biased, though the judge may be wrong. Errors of law, insofar as they may indeed exist, are to be corrected on appeal.

In contrast to other affidavits filed in similar cases that have persuaded courts that recusal was appropriate, defendant's submission does not indicate any statement by the presiding judge that would denote bias. *See, e.g.*, *King v. United States*, 402 F.2d 58, 59-60 (9th Cir. 1968) (quoting affidavit describing multiple statements by judge against bank robbers), *Grimes v. United States*, 396

3

F.2d 331, 333 (9th Cir. 1968) (quoting affidavit describing statements by the judge against individuals suspected of crimes against banking institutions). More dramatic instances of judicial bias were present in *Berger v. United States*, 255 U.S. 22 (1921), where affiants described with particularity the judge's statements questioning the patriotism of Americans of German origin and expressing constant fear of sedition on their part. *Id.* at 30.

Defendant's affidavit need not make history, defend some celebrated cause or allege the same level of bias and discrimination as in *Berger*. All that is needed are facts identifying an "objectionable inclination or disposition of the judge." *Id.* at 35. Seaton has not done so, and his claims of bias must therefore be rejected.

II. <u>Defendant's Trustworthiness</u>

Defendant fails to explain in detail and support with facts his allegation that the presiding judge may have doubted the veracity of his statements when he requested an extension of time to surrender. The affidavit must contain some description of the facts that induced defendant to form his belief in the first place and some facts or reasons to give support to the contention that the presiding judge has continued to be biased against him. Lastly, defendant must draw a clear connection between the alleged bias in a decision that is not being contested in his section 2255 motion and the present proceedings. His affidavit satisfies none of those requirements.

III. <u>Reversal on Appeal</u>

Defendant appears to be under the misapprehension that his appeal before the Ninth Circuit was successful, at least in part. See Seaton Aff. at 4. Such was not the case, as the Ninth Circuit affirmed both Seaton's conviction and sentence. *See St. Luke's Subacute Care Hosp., Inc.*, 178 Fed. Appx. at 717. Accordingly, his claims of bias predicated on the Ninth Circuit's reversal of the presiding court are unfounded.

IV. <u>Trial Judge Deciding Section 2255 Motions</u>

It has long been the rule in the Ninth Circuit that a judge who has conducted a criminal case is not disqualified from ruling on a motion brought under section 2255 regarding the trial court proceedings. *Battaglia v. United States*, 390 F.2d 256, 259 (9th Cir. 1968). When presented with an

4

opportunity to join the First Circuit by adopting a rule disqualifying trial judges from hearing section 2255 motions regarding cases over which they previously presided, the Ninth Circuit emphatically refused to follow this path. *Dukes v. United States*, 407 F.2d 863, 864 (9th Cir. 1969). As both the Ninth Circuit and the First Circuit have noted, the difference in the rule stems not from a constitutional right, which would be a sign of a split among the circuits, but from different policies under the Circuit Court of Appeals' supervisory powers. *Id.*; *Halliday v. United States*, 380 F.2d 270, 274 (1st Cir. 1967). The court will not repeat the arguments expressed in those and other decisions. Defendant does not explain in his affidavit why this court should break with the precedent established by the Ninth Circuit and adopt a different rule in his case. Accordingly, the court rejects his assertion that the judge must be disqualified from hearing his section 225 motion because the judge presided over his trial.

CONCLUSION

For the foregoing reasons, the court finds no indication of bias warranting disqualification and, accordingly, declines to transfer defendant's section 2255 motion to a different judge.

IT IS SO ORDERED.

Dated: May 17, 2010

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

5