GUY R SEATON in Pro Se
6701 Peycos Dr
PO Box 2236
Placerville, CA 95667
PH:  510 4170549
EMAIL:  grseaton@att.net

FILED

FEB 11 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

UNITED STATES OF AMERICA

     Plaintiff

Vs.

Guy R Seaton

     Defendant/Petitioner

ASE NO: CR02-0044 MHP

## DEFENDANT SEATON'S PETITION/MOTION FOR MODIFICATION OF PROBATION AND ORDER OF RESTITUTION AND INCORPORATED MEMORANDUM OF LAW

COMES NOW, the Defendant, GUY SEATON, pursuant to 18 U.S.C. §

3664(k), and Rule 32.1(c), Federal Rules of Criminal Procedure, and requests this

Honorable court enters its Order modifying the Restitution order set forth herein:

1. To modify Seaton's restitution order to reflect the court ruling at the time of sentencing.

1

2. Or terminate the defendant's obligation to pay any further restitution and concurrently reduce the order of restitution to the amount paid to date.

3. Or set a hearing date for the final determination of the victim's losses.

In support defendant, Seaton, would state as follows:

Under 18 U.S.C. § 3664(k) and Rule 32.1, F.R.Cr.P., this Court has the authority to revisit an order of restitution, payment of which was made a condition of probation, and modify, reduce or rescind the restitution obligation.

At the sentencing hearing on April 15, 2004, the court ordered that defendants Seaton and St. Luke's pay restitution in an amount to be determined by the Health Care Financing Administration (HFCA). The Restitution order for St. Luke's reflects the court's ruling at time of sentencing:

> "The determination of restitution is deferred until as determined by Center for Medicaid and Medicare Services. An Amended Judgment in a Criminal Case (AO 245C) will be entered after such determination." Page 6 of 7 St. Luke's judgment encl. 1

After the sentencing hearing and before Seaton's restitution order in the judgment was entered,   AUSA, Maureen Bessette, filed a motion on April 22, 2004 requesting the court order that defendant Seaton pay restitution in the amount of $1,621,343. The reason stated:

> 1. "Since then (sentencing hearing) the United States has learned that district courts may not delegate the calculation of restitution amounts in criminal cases. Accordingly, the United States respectfully requests that the Court order that defendant Seaton pay

2

restitution in the amount of $1,621,343.00." The government reasoned, "In light of the Court's determination that the loss amount for Sentencing Guidelines purposes is $1,621,343.00, we respectfully suggest that the Court order this amount in criminal restitution as well. (This would, of course, not foreclose further relief in the ongoing civil proceedings)." Encl 2.

The Government scheduled a restitution hearing on July 6, 2004. The hearing was not held.

When Seaton's Restitution order was filed it stated:

"The defendant shall pay the following... restitution, 1,621,343.00" "...shall cooperate with the Center for Medicaid and Medicare in the collection of restitution in the amount determined by this agency" page 6 &7 of Seaton's Judgment. Encl 3.

The Mandatory Victims Restitution Act of 1996, Pub. L. No. 104-132, Tit. II, Submit. A, 110 Stat. 1227, provides that

"[n]otwithstanding any other provision of law, when sentencing a defendant convicted of" an offense covered by the statute, the district court "shall order* * * that the defendant make restitution to the victim of the offense." 18 U.S.C. 3663A (a) (1). The statute directs that if the victim's losses are not ascertainable before the defendant is sentenced, "the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing." 18 U.S.C.3664 (d) (5).

The record clearly shows that the Victim losses were not ascertainable at or before the defendants' sentence hearing. See Declaration of Kim Hays encl 4.

3

The government requested the court to set an amount and then the government cancelled a date for the final determination for restitution of the victim's losses. Therefore, the court has not set a final determination for the victim's losses. Furthermore, the Center for Medicaid and Medicare has not determined the amount losses, if any, sustained reporting the Nursing Services costs on the Medicare cost reports.

A recent ruling by the Supreme Court in BRIAN RUSSELL DOLAN, PETITIONER v. UNITED STATES on writ of certiorari to the United States court of appeals for the tenth circuit [June 14, 2010] makes clear the Court's power to order restitution after this statutory deadline until the victim losses are ascertainable. The Supreme Court ruled:

> "This case concerns the remedy for missing a statutory deadline. The statute in question focuses upon mandatory restitution for victims of crimes. It provides that "the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing." 18 U. S. C. §3664(d) (5). We hold that a sentencing court that misses the 90-day deadline nonetheless retains the power to order restitution--at least where, as here, the sentencing court made clear prior to the deadline's expiration that it would order restitution, leaving open (for more than 90 days) only the amount" The district court does have the authority to leave open the amount of restitution to be determine later."

Circumstances have changed. The government's civil case against Seaton was dismissed. The Center for Medicaid and Medicare Services (CMM) has not

determined the actual victim's losses as ordered by the court for St. Luke's.

CMM  has not made any claim against Seaton to pay any money to this agency.

Seaton submits:

1.  that victim's losses were not ascertainable at or before the defendant was sentenced;

2.  the court did not set a date for the final determination of the victim's losses;

3.  The government's post sentence motion does not provide any evidence that would allow the court to ascertain the victim actual losses without a hearing.

4.  The attorney for the government has not met its burden of demonstrating the amount of loss sustained by the victim.

5.  The victim has not made a determination of losses for reporting of nursing services cost on the Medicare Cost Reports.

6.  The court correctly order that restitution amount be determine by the HCFA, (Center for Medicaid and Medicare Services) and an Amended Judgment to be entered after such determination.

As a result, Seaton  has suffered prejudice from ASUSA Bessette

misinformation, misleading, and/or mistakenly pleading that the court does not

have the authority to leave open the amount of restitution to be determine later,

wherein the court relied upon the government request to order a restitution

amount for Seaton without a final determination hearing.  The law is well settled

that a court may reduce or rescind restitution orders under  3664(k). See e.g.,

5

United States v. Turner, 312 F.3d 1137, 1143 (9th Cir. 2002)

("court may reduce restitution if it finds that a defendant's economic circumstances have changed." citing 18 U.S.C. §§ 3664(k). We submit that the Court has the authority terminate or to determine a restitution obligation. On the facts of this case, we submit that the Court would be exercising its authority justly and equitably if the Court would agree to remit any further restitution obligation for Seaton since no determination has been made by the victim.

Respectfully submitted,

Guy R Seaton, in pro se
6701 Peycos Dr
PO Box 2236
Placerville, Ca 95667
510 417 0549
grseaton@att.net

6

## PROOF OF SERVICE
### By First Class Mail

I, Guy Seaton, certify and declare the following:

I am over the age of 18 years. My home address is 6701 Peycos Dr, Placerville, CA 95667

On February 9, 2013 I served by first class mail, postage prepaid, a copy of the attached defendant Guy Seaton's DEFENDANT SEATON'S MOTION FOR MODIFICATION OF PROBATION AND ORDER OF RESTITUTION AND INCORPORATED MEMORANDUM OF LAW. Together with a copy of this declaration on the following parties

Melinda Haag
United State Attorney
Federal Courthouse
11th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

United States Probation Office
1380 Lead Hill Blvd, Ste 225
Roseville, Ca 95661

Executed February 9, 2013 at Placerville, Ca 95667

Guy R Seaton

7

DEFENDANT: ST. LUKE'S SUBACUTE HOSPITAL AND NURSING CENTER Judgment - Page 6 of 7
CASE NUMBER: CR 02-0044-01 MHP

# CRIMINAL MONETARY PENALTIES

The defendant organization shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 2400.00 | $ waived | $ |

[x] The determination of restitution is deferred until _as determined by Center for Medicaid and Medicare Services._. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[ ] The defendant shall make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant organization makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Totals: | $ _ | $ _ |  |

[ ] If applicable, restitution amount ordered pursuant to plea agreement $ _

[ ] The defendant organization shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[ ] The court determined that the defendant organization does not have the ability to pay interest, and it is ordered that:

    [ ] the interest requirement is waived for the    [ ] fine and/or   [ ] restitution.

    [ ] the interest requirement for the    [ ] fine and/or   [ ] restitution is modified as follows:

---

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

4  1

1  KEVIN V. RYAN (CSBN 118321)
   United States Attorney
2
   ROSS W. NADEL (CASBN 87940)
3  Chief, Criminal Division

4  MAUREEN C. BESSETTE (NYSBN 2468254)
   MICHAEL L. WANG (CSBN 194130)
5  Assistant United States Attorneys

6     1301 Clay Street, Suite 340S
      Oakland, California 94612
7     Telephone: (510) 637-3691

8
   Attorneys for Plaintiff
9

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12                 SAN FRANCISCO DIVISION

13
   UNITED STATES OF AMERICA,          )   CR 02–0044 MHP
14                                     )
          Plaintiff,                   )
15                                     )
       v.                              )   UNITED STATES' MOTION FOR
16                                     )   ORDER OF CRIMINAL RESTITUTION
   ST. LUKE'S SUBACUTE HOSPITAL        )   AMOUNT
17 AND NURSING CENTRE, INC., and       )
   GUY ROLAND SEATON,                  )
18                                     )
          Defendants.                  )
19  _____)

20        At the sentencing hearing of April 15, 2004, the Court ordered that defendant

21 Seaton must pay restitution in an amount to be determined by the Health Care Financing

22 Administration (HFCA). Since then, the United States has learned that district courts may

23 not delegate the calculation of restitution amounts in criminal cases. Accordingly, the

24 United States respectfully requests that the Court order that defendant Seaton pay

25 restitution in the amount of $1,621,343.

26        Pursuant to the Mandatory Victims Restitution Act, sentencing courts "shall order

27 restitution to each victim in the full amount of each victim's losses as determined by the

28 court." 18 U.S.C. § 3664(f)(1)(A). The district court has broad discretion to determine

UNITED STATES' MOTION FOR RESTITUTION
CR 02–0044 MHP

2

1  the type and amount of evidence required to support an award of restitution. *See United*
2  *States v. Zink,* 107 F.3d 716, 718–19 (9th Cir. 1997). The sentencing court, however, "is
3  responsible for making an *independent determination* as to the amount of loss the victim
4  suffered as a result of the defendant's conduct." *United States v. Najjor,* 255 F.3d 979,
5  984 (9th Cir. 2000) (emphasis added). Thus, for example, the district court "should not
6  accept uncritically an amount recommended by the probation office." *United States v.*
7  *Barany,* 884 F.2d 1255, 1261 (9th Cir. 1989). *Cf. also United States v. Gunning,* 339
8  F.3d 948, 949 (9th Cir. 2003) (certain duties of sentencing courts under the Mandatory
9  Victims Restitution Act are "non-delegable").
10        In light of this case law, the United States believes that it would be error for the
11  Court to delegate the calculation of restitution to HFCA. In light of the Court's
12  determination that the loss amount for Sentencing Guidelines purposes is $1,621,343, we
13  respectfully suggest that the Court order this amount in criminal restitution as well. (This
14  would, of course, not foreclose further relief in the ongoing civil proceedings.)

15                                **CONCLUSION**
16        For the foregoing reasons, the United States respectfully requests that the Court
17  order defendant Guy Seaton to pay criminal restitution in the amount of $1,621,343.
18
19  Dated:      **APR 2 1 2004**                     Respectfully submitted,
20                                                   KEVIN V. RYAN
21                                                   United States Attorney
22
23                                                   MICHAEL L. WANG
24                                                   MAUREEN C. BESSETTE
                                                     Assistant United States Attorneys
25
26
27
28

UNITED STATES' MOTION FOR RESTITUTION
CR 02–0044 MHP                            2

AO 245B (Rev. 9/00) Sheet 3 - Supervised Release

| | |
|---|---|
| DEFENDANT: GUY ROLAND SEATON | Judgment - Page 6 of 8 |
| CASE NUMBER: CR 02-0044-02 MHP | |

# SPECIAL CONDITIONS OF SUPERVISION

1) The defendant shall provide the probation officer access to any requested financial information.

2) The defendant shall not open any new lines of credit and/or incur new debt without the prior permission of the probation officer.

3) The defendant shall submit his/her person, residence, office, vehicle, or any property under his/her control to a search. Such a search shall be conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to such a search may be grounds for revocation. The defendant shall warn any residents that the premises may be subject to searches.

4) The defendant shall cooperate with the Center for Medicaid and Medicare Services in the collection of restitution in the amount determined by this agency.

5). The defendant shall pay any fine, restitution, and/or special assessment imposed by this judgment, and that remains unpaid upon the commencement of the term of supervised release, as directed by the US Probation Officer.



| DEFENDANT: | GUY ROLAND SEATON | |
|---|---|---|
| CASE NUMBER: | CR 02-0044-02 MHP | Judgment - Page 7 of 8 |

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments directly following the Monetary Penalties section.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 600.00 | $ waived | $ 1,621,343.00 |

[ ] The determination of restitution is deferred until _. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[X] The defendant shall make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Center for Medicare and Medicaid Services | | $1,621,343.00 | |

[ ] If applicable, restitution amount ordered pursuant to plea agreement $ _

[ ] The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    [ ] the interest requirement is waived for the    [ ] fine and/or   [ ] restitution.

    [ ] the interest requirement for the    [ ] fine and/or   [ ] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

## DECLARATION OF KIM HAYS IN SUPPORT OF OPPOSITION TO
## COURT ORDER OF MARCH 17, 2004 RECALCULATING LOSS AMOUNT

I, KIM HAYS, DECLARE AS FOLLOWS:

1.    I have worked in the field of Medicare Reimbursement for nearly 20 years, and am currently the owner and principal of Trilogy Healthcare Group in Richardson, Texas. I have been retained as an expert witness in this case by the Defendants. A true and correct copy of my resume is attached hereto as Exhibit A, and sets forth in more detail my qualifications and the services Trilogy Healthcare Group provides.

2.    I have reviewed the Court's Order of March 17, 2004 and have reviewed the costs reports and related documents from the Medicare audits of St. Luke's for the years 1996, 1997, and 1998

3.    The Government's damage calculation as presented on the "United States Motion for Reconsideration" is simply taking the difference between the *"as filed"* cost report settlement for 1996, 1997 and 1998, and the "revised" settlement after adjusting the nursing cost on Line 16 of Worksheet A and the RCL.

4.    This difference in settlement DOES NOT in any way represent a "loss" to the Medicare program, nor an overpayment to St. Luke's for nursing wages costs. This difference between the claimed nursing costs and the St. Luke's entitled costs has not been paid by Medicare, and no additional payment could be received without an administrative appeal process through HCFA.

5.    I have reviewed the interim payments made to St. Luke's during the years 1996, 1997, and 1998. The interim payment is the cash received by the hospital during the cost

4

report year. I compared the total amount of money paid to St. Luke's in the interim payments with the costs to which St. Luke's was entitled, to wit: ancillary costs, utilization cost review and their routine costs as limited by the federally mandated Routine Cost Limit ("RCL"). Medicare paid in actual dollars to St. Luke's exactly what the hospital was entitled to for its nursing salaries costs as limited by the routine cost limit. I further understand that there were no lump sum payments to St. Luke's due to the granting of a RCL exception for the years in question.

6. I was prepared to testify at the evidentiary hearing on loss that even if Worksheet A nursing cost is adjusted via the "per diem" methodology, the reimbursable cost does not change. That is, even when the "per diem" methodology is applied, St. Luke's routine costs still exceeded the Routine Cost Limit (as published in the Federal Register) for all three years.

7. In my professional opinion, St. Luke's did not receive any greater payments from Medicare than St. Luke's was entitled to receive.

8. The reason for this is because the routine cost, which includes nursing cost, is limited to the RCL upon "Tentative Settlement" or "Final Settlement", as mentioned above. The cost report is not the mechanism to grant Routine Cost Limit exceptions. A facility does not "file" for a RCL Exception on a cost report. There is a completely different process to file for and receive a RCL exception.

9. Please see the Excel spreadsheets, attached hereto as Exhibit B, which show that regardless of what is reported on the cost report for salaries and other direct costs associated with the Skilled Nursing Facility ("SNF"), there are built-in limits that the fiscal

intermediary will impose that negates any costs being claimed that are not within the imposed limits. Once the limits are applied at either "Tentative Settlement" or "Final Settlement", the resulting "reimbursable cost" is all that a Medicare Provider of SNF is due from a cost report perspective.

10.     Fortunately, there is "off cost report" relief from the Routine Cost Limits imposed under 42 CFR 413.30 (b)(3). In order to obtain relief from the Routine Cost Limits, a Provider may file for an "exception" to these mandated limits. This is accomplished through making a request to the fiscal intermediary. Once this request is received by the fiscal intermediary, the intermediary will perform extensive reviews in order to determine whether or not actual costs of services furnished exceeds the cost limits imposed under 42 CFR 413.30(b)(3), because the services provided are "atypical" in nature and scope as compared to the services generally furnished by SNFs similarly classified.

11.     Furthermore, as per 42 CFR 413.30(f), any SNF that applies for an exception to the Routine Cost Limits must agree to an operational review at the discretion of CMS (formerly Health Care Financing Administration or "HCFA" ).  The findings from this review may be the basis for recommendations or improvements in the efficiency and economy of the SNF's operations. If recommendations are made, any future exceptions are contingent on the SNF's implementation of these recommendations.   I understand the St. Luke's was granted a modest exception to the RCL in 1991 and 1992, but that no exceptions have been granted for any years since then.

12.     In summary, the direct costs of a SNF as reported on the Medicare cost report, are limited to the mandated Routine Cost Limits as published in the Federal Register, regardless of what is reported on Worksheet A, Line 16 for salary cost and what is reported on Worksheet D-1 as the "filed" RCL. The only exception possible to receive these excess costs is through an administrative appeal process that relies on "patient acuity" levels, not on claimed nursing costs.

I declare under penalty of perjury under the under the laws of the United States that the foregoing is true and correct, and that this declaration was executed on the 29th day of March, 2004 in Richardson, Texas.

_____
Kim Hays