UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES of AMERICA, Plaintiff, v. ST. LUKE'S SUBACUTE HOSPITAL AND NURSING CENTRE, and GUY ROLAND SEATON, Defendants. | Case No. 02-cr-00044-MHP-2 (WHO) **ORDER DENYING APPLICATION FOR ISSUANCE OF A WRIT OF ERROR CORAM NOBIS AND A WRIT OF AUDITA QUERELA** Re: Dkt. No. 386 |
|---|---|

Defendant Guy Seaton was convicted of Medicare fraud in 2002. Dkt. No. 137. In 2004, he was sentenced to a term of imprisonment and ordered to pay restitution of $1,621,343. Dkt. Nos. 199, 209. Seaton now moves for issuance of a writ of error coram nobis and a writ of audita querela in order to correct a purported error in the Judgment. He argues that the district court (i) never intended to order restitution in any specific amount, (ii) erred in not announcing the amount of restitution to be imposed at the sentencing hearing, (iii) imposed an amount that did not comply with the provisions of the Mandatory Victim's Restitution Act ("MVRA"), 18 U.S.C. § 3663A, and (iv) did not follow Federal Rule of Criminal Procedure 35(c) when it set the final amount of restitution. In Seaton's view, such an error merits coram nobis and audita querela relief.

The writ of coram nobis "fills a very precise gap in federal criminal procedure," namely to afford a remedy to attack an unconstitutional or unlawful conviction in cases when the petitioner already has fully served a sentence." *Telink, Inc. v. U.S.*, 24 F.3d 42, 45 (9th Cir. 1994). To qualify for coram nobis relief, four requirements must be satisfied: (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case and controversy requirement of Article III; and (4) the error is of the most fundamental character. *Estate of McKinney v. United States*, 71 F.3d 779, 781–782 (9th Cir. 1995) (citation omitted).

Seaton cannot secure relief under this writ for multiple reasons, the most obvious of which

is that more usual remedies to correct any alleged error in his criminal judgments were not only readily available but were used by Seaton to attack the judgment. Specifically, Seaton took a direct appeal, challenging his conviction and the judgment requiring restitution. The Ninth Circuit affirmed, finding that the district court's loss computation did not constitute clear error. *United States v. St. Luke's Subacute Care Hospital*, 178 Fed. Appx. 711 (9th Cir. 2006). Then, in 2008, Seaton filed a motion to vacate the judgment and sentence pursuant to 28 U.S.C. § 2255. He argued that the government failed to establish the loss amount by clear and convincing evidence. The district court rejected that argument, holding that the issue had been previously raised on appeal, and denied the § 2255 motion in its entirety. *See* Dkt. Nos. 307, 324. Seaton filed a petition for writ of mandamus seeking permission to litigate the issues raised in the § 2255 motion and a motion for certificate of appealability, both of which were denied.

In April 2010, Seaton filed a motion to vacate the restitution order. In July 2010, he withdrew that motion and instead filed a motion to correct a clerical mistake. He argued that the court failed to order restitution during its oral pronouncement of his sentence, so the restitution order contained in the written judgment was an improper change to the sentence. The Hon. Marilyn Hall Patel denied Seaton's motion on the ground that she had, in fact, imposed restitution at the April 2004 sentencing and that she had further specified the restitution amount in the final order of judgment. *See* Dkt. No. 340. In June 2011, Seaton filed an appeal. He argued, in part, that the district court's statements during sentencing regarding restitution were impermissibly vague. In February 2012, the Ninth Circuit denied his appeal, holding that the issues raised were too insubstantial to require further argument. *See* Seaton v. United States, No. 11-10281, Dkt. 16.

Most recently, in January 2017, Seaton filed a motion to "correct" the judgment, arguing that the $1,621,343 restitution amount was inadvertently included in his final judgment. The arguments on that motion mirrored those made in his 2010 motion (which were rejected by both the district court and the Ninth Circuit). The Hon. Richard Seeborg denied Seaton's second motion to correct because all of Seaton's arguments regarding the restitution imposed had been raised, considered, and rejected and those rejections affirmed on appeal. Dkt. No. 371.

Here, Seaton raises the same arguments already rejected by both Judge Patel and Judge

2

Seeborg; that the district court erred in imposing a restitution amount that was not announced at sentencing (which Seaton appears to argue violated Fed. R. Crim. Proc. 35(c)), was not calculated in accordance with the MVRA, and was otherwise erroneous. The Ninth Circuit affirmed those denials. Seaton has had multiple opportunities to challenge the restitution imposed in the judgment and lost those challenges. He cannot seek relief on the same or similar grounds through a writ of coram nobis.

Concerning Seaton's request for a writ of audita querela, relief under that doctrine is available in similarly limited circumstances, namely where "a legal, as contrasted with an equitable, objection to a conviction [] has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy." *United States v. LaPlante*, 57 F.3d 252, 253 (2d Cir. 1995); *see also United States v. Valdez-Pacheco*, 237 F.3d 1077, 1079 (9th Cir. 2001) (per curiam) (noting that the writ "survive[s] only to the extent that [it] fill[s] 'gaps' in the current systems of postconviction relief"). As noted above, Seaton was able to challenge, and did challenge, his judgment through multiple channels of post-conviction redress, including a motion under § 2255. None was successful. There are no grounds on which to grant relief under a writ of audita querela here. *U.S. v. Valdez-Pacheco*, 237 F.3d at 1080 ("a federal prisoner may not challenge a conviction or sentence by way of a petition for a writ of audita querela when that challenge is cognizable under § 2255 because, in such a case, there is no 'gap' to fill in the postconviction remedies.").

Seaton's application for issuance of a writ of error coram nobis and a writ of audita querela is DENIED.

**IT IS SO ORDERED.**

Dated: August 7, 2018

William H. Orrick
United States District Judge